UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANEE' M. FULLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV2087 HEA |
| | ) | |
| NATIONAL GEOPST AGENCY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motions of Janee' M. Fuller for leave to proceed in forma pauperis and for appointment of counsel. Having reviewed the financial information submitted in support of the motion, the Court has determined that plaintiff is unable to pay the filing fee. The Court will therefore grant the motion to proceed in forma pauperis. In addition, based upon a review of the complaint, the Court finds that it must be dismissed as factually frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Given this dismissal, the motion for appointment of counsel will be denied as moot.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is factually frivolous if the facts alleged are "clearly baseless." *Denton*, 504 U.S. at 32-33. Allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Id.*

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even pro se

complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## Discussion

Plaintiff brings this civil action, alleging violations of her civil rights, against defendant "National Geospt. Agency" (presumably the National Geospatial-Intelligence Agency), and an alleged employee of the Agency, defendant Raymond Kinchen, Jr. Plaintiff asserts that Kinchen illegally implanted her with "some type of tracking device" after she met him online through a personal page. She also claims that Kinchen made "digital threats" against her, which she reported to the police. According to plaintiff, Kinchen used the Agency's equipment to monitor her after he implanted her with the tracking device. Plaintiff alleges that Kinchen violated her privacy and that the Agency is accountable as Kinchen's supervisor. Plaintiff also alleges that Kinchen used Agency resources to intimidate, harass, steal from, and manipulate her, and "possibly tried to kill" her.

Plaintiff asserts that she attempted to reach out to various police office locations to report the digital threats, but that they provided no assistance. On one occasion where plaintiff was at a police station reporting the alleged crimes, she states that officers surrounded her, strapped her to a bed, and transported her to the hospital. Plaintiff also describes multiple unsuccessful attempts to get adult abuse protection orders against Kinchen. According to plaintiff, she was herself arrested in July 2018 for violation of a restraining order taken out by Kinchen against her. Plaintiff seeks monetary damages and injunctive relief against defendant Kinchen and "any associates sending subliminal sign."

The Court finds the factual allegations in the complaint to be delusional and fanciful, and therefore clearly baseless. *See Denton*, 504 U.S. at 32-33. The Court therefore concludes that

this action is factually frivolous, and will dismiss it as such.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice because it is factually frivolous.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel [Doc. #2] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of January, 2019

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE